**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **TANYA LUCAS**, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**FLORIDA CANCER SPECIALISTS, P.L.**, a Florida professional limited liability company,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-393<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **TANYA LUCAS** ("**LUCAS**" or "**Plaintiff**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2. The Plaintiff, **TANYA LUCAS** ("**LUCAS**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

3. Defendant, **FLORIDA CANCER SPECIALISTS, P.L.** ("**FCS**") is a Florida professional limited liability company with a principal place of business located in Fort Myers, Florida. **FCS** employed **LUCAS**.

4. At all material times, **FCS** employed greater than fifty (50) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **FCS** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **LUCAS** began her employment with **FCS** in August 2017 and was employed as a customer service representative.

8. **LUCAS** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. **LUCAS'** first year of employment was without incident and she passed her probationary period. However, **FCS** did issue her any discipline for attendance issues related to her sons' serious health condition.

10. Beginning in August 2018, **LUCAS** became FMLA-eligible and began to utilize intermittent FMLA leave to care for her sons.

11. One of **LUCAS'** sons suffers from chronic hearing loss and various speech impediments, and the other son suffers from chronic asthma and speech impediments.

12. **LUCAS'** sons have a history of these impairments that limit major bodily functions and several major life activities. **LUCAS'** sons' impairments qualify as serious health conditions under the FMLA.

13. Almost as soon as **LUCAS** began taking intermittent FMLA leave, **FCS** began issuing her discipline.

14. When **LUCAS** requested additional intermittent FMLA leave in January 2019, **FCS** again issued her written discipline.

15. When **LUCAS** requested regular FMLA leave on April 5, 2019, **FCS** terminated her employment just 4-days later, on April 9, 2019.

16. In sum, after requesting and taking FMLA leave, **FCS** targeted **LUCAS** for termination, ultimately firing her for utilizing leave secured to her by the FMLA.

17. Because **FCS** obtained knowledge that **LUCAS**' sons suffered from qualifying serious health conditions under the FMLA, **FCS** was obligated to offer **LUCAS** leave under the FMLA and reinstate her upon **LUCAS** attempting to return to work.

18. Consequently, **FCS** interfered with **LUCAS**' right to utilize FMLA leave and retaliated against her when she tried to invoke her right to leave and reinstatement, and thus **FCS** has violated the FMLA.

### COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

19. The Plaintiff hereby incorporates by reference Paragraphs 1-18 in this Count by reference as though fully set forth below.

20. **LUCAS** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since her sons suffered from serious health conditions, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **LUCAS** worked more than 1,250 hours in the preceding 12 months of employment with the **FCS**.

3

21.     **LUCAS** informed **FCS** of her need for leave due to her sons' serious health conditions.

22.     **FCS** was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

23.     If **FCS** were to have decided that **LUCAS**' expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

24.     **FCS** has never provided **LUCAS** with any notice disqualifying her FMLA leave.

25.     In fact, **FCS** determined that **LUCAS** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave.

26.     **LUCAS** engaged in activity protected by the **FMLA** when she requested leave due to her sons' serious health conditions, consistently informing the **FCS** of the same.

27.     **FCS** knew, or should have known, that **LUCAS** was exercising her rights under the FMLA and was aware of **LUCAS'** need for FMLA-protected absence.

28.     **LUCAS** complied with all of the notice and due diligence requirements of the FMLA.

29.     **FCS** was obligated to provide **LUCAS**, an employee who requested FMLA leave, up to 12 weeks of unpaid leave and then reinstatement to her former position or an equivalent position with the same pay, benefits, and working conditions when he returns to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

30.     **FCS** failed to grant leave and to return **LUCAS** to her former position or an equivalent position in violation of the FMLA.

31. A causal connection exists between **LUCAS**'s request for FMLA-protected leave and her termination from employment with the **FCS**.

32. **FCS** engaged in willful retaliation in violation of the FMLA by terminating **LUCAS**'s employment because she engaged in activity protected by the FMLA.

33. As a result of the above-described violations of FMLA, **LUCAS** has been damaged by **FCS** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

34. The Plaintiff hereby incorporates by reference Paragraphs 1-18 and 20-32 in this Count by reference as though fully set forth below.

35. **LUCAS** engaged in activity protected by the FMLA when she requested leave due to her sons' serious health conditions, consistently informing the **FCS** of the same verbally and in writing.

36. **FCS** knew, or should have known, that **LUCAS** was exercising her rights under the FMLA and was aware of **LUCAS**' need for FMLA-protected absence.

37. A causal connection exists between **LUCAS**' request for FMLA-protected leave and her termination from employment with **FCS** because **LUCAS** engaged in statutorily protected activity by requesting, taking and demanding reinstatement from FMLA leave.

38. **FCS** retaliated by altering the terms and conditions of **LUCAS**' employment by terminating **LUCAS**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. **FCS** refused to return **LUCAS** to work because **LUCAS** requested and took FMLA leave and terminated her because she engaged in this statutorily protected activity.

39. **FCS** engaged in willful and intentional retaliation in violation of the FMLA by terminating **LUCAS**'s employment because she engaged in activity protected by the FMLA.

40. As a result of the above-described violations of FMLA, **LUCAS** has been damaged by **FCS** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **TANYA LUCAS**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

                                                Respectfully submitted,

Dated: June 11, 2019             **/s Benjamin H. Yormak**
                                                Benjamin H. Yormak
                                                Florida Bar Number 71272
                                                Trial Counsel for Plaintiff
                                                YORMAK EMPLOYMENT & DISABILITY LAW
                                                9990 Coconut Road
                                                Bonita Springs, Florida 34135
                                                Telephone: (239) 985-9691
                                                Fax: (239) 288-2534
                                                Email: byormak@yormaklaw.com